**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jazmine Langford

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAZMINE LANGFORD,<br><br>   Plaintiff,<br><br>vs.<br><br>BRISTOL POINT FINANCIAL, INC.<br><br>   Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>I. **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.;**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788, ET SEQ.; AND**<br><br>III. **THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//

- 1 -
COMPLAINT

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts, and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA also imposes duties on the sources, called "furnisher," that provide credit information to credit reporting agencies.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff JAZMINE LANGFORD ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the collection efforts of Defendant BRISTOL POINT FINANCIAL, INC. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the California Rosenthal Act, California Civil Code §§ 1788, *et seq.* ("RFDCPA") and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA") and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the plaintiff, or to the plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by each Defendant took place in the State of California.

8. Any violations by Defendant were knowing, willful, and intentional, and each Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of each Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, *et seq.* ("RFDCPA") and 28 U.S.C. § 1367 for

supplemental state law claims.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper.

## PARTIES

13. Plaintiff is a natural person who, at all times relevant herein, resided in the County of Orange, State of California. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a debt collector incorporated under the laws of the State of California with its corporate headquarters located in Irvine, California. Because Defendant is a partnership, corporation, association, or other entity, it is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j)

15. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

16. Defendant is also a furnisher of consumer credit information as contemplated by the CCCRAA because Defendant regularly, and in the ordinary course of business, furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. This Complaint concern's Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit reputation, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which used or is expected to be used or

collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California.

20. At all times relevant, Defendant conducted business in the State of California.

21. Sometime in prior to this action, Plaintiff incurred a financial obligation for her personal housing when Plaintiff rented a room in Unit 428 of the Marke at South Coast Metro, LLC (the "Apartment") located in Santa Ana, California from an individual named Frederick Smith ("Mr. Smith"). Plaintiff stayed at the Apartment for a few months, paid rent to directly to Mr. Smith, and was neither included as an occupant on the lease, nor did Plaintiff sign a lease for the Apartment.

22. These financial obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

23. After a few months, Plaintiff moved out of the Apartment sometime in 2018. Presumably, sometime thereafter, Mr. Smith may have failed to complete the payments allegedly owed on the alleged debt through the termination or end of his lease for the Apartment. Plaintiff is unaware if the debt claimed to be owed is

valid or actually owed by Mr. Smith.

24. Sometime before June 2020, Defendant began engaging in collection communications with Plaintiff seeking payment from Plaintiff in the amount of $4,719.40 for an alleged debt related to the Apartment.

25. After Plaintiff disputed the debt, Defendant sent Plaintiff an "Identification of Debt" letter dated June 11, 2020 stating that it investigated Plaintiff's dispute and concluded that the information provided to credit reporting agencies was accurate. The same letter also confusingly falsely and inaccurately stated that Defendant was "attempting to collect a debt that [Plaintiff] owe[s] to Park Place Michelson LLC," while the Apartment was at the Marke community rather than Park Place Michelson LLC, and the creditor identified in other communications and the top of the same letter was The Marke at South Coast Metro, LLC.

26. Through this debt collection correspondence with Plaintiff, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, or misleading representation in connection with the collection of an alleged debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

27. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

28. Defendant also reported information to credit reporting agencies that it had reason to know was inaccurate. Through Credit Karma, Plaintiff learned that Defendant had inaccurately reported to credit reporting agencies that Plaintiff owed the alleged debt and was a co-signer for the alleged debt related to the Apartment that was actually leased by Mr. Smith, when in fact, Plaintiff was not included as a co-signer or a co-tenant on the Apartment lease. Further, Plaintiff was not a signatory on the Apartment lease or even listed as an occupant of the

Apartment. Defendant's own records and documents from the creditor were clear and unambiguous evidence that Plaintiff was in fact *not* a co-signer and Plaintiff was not personally obligated to the creditor or otherwise responsible for the alleged debt.

29. As a result of Defendant furnishing inaccurate information to consumer credit reporting agencies, Plaintiff was rejected for an apartment she had applied for, leaving Plaintiff homeless for several weeks in July 2020.

30. Through its inaccurate information provided to credit reporting agencies, Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting agency that Defendant knew, or should have known, to be incomplete or inaccurate.

31. Through this inaccurate credit reporting in connection with the collection of an alleged debt, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by using false, deceptive, or misleading representations in connection with the collection of a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendant has also violated 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

33. Through the above-alleged conduct, Defendant has engaged in conduct which constitutes numerous violations of the FDCPA, RFDCPA, and CCCRAA.

34. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered actual damages and mental anguish by way of embarrassment, shame, anxiety, fear, stress and feelings of despair over Defendant's abusive debt collection communications and inaccurate credit reporting related to Plaintiff in violation of the FDCPA, RFDCPA, and CCCRAA.

# CAUSES OF ACTION

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788, et seq. (RFDCPA)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

40. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III
### VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code §§ 1785.1, et seq. (CCCRAA)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions by Defendant constitute a violation of the

California Consumer Credit Reporting Agencies Act.

43. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information regarding a consumer's credit worthiness, credit history, credit standing, and credit capacity.

44. Because Defendant is a partnership, corporation, association, or other entity, Defendant is a "person" as that term is defined under Cal. Civ. Code § 1785.3(j). Defendant is and always was obligated pursuant to Cal. Civ. Code § 1785.25(a) to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows, or should have known, that the information is incomplete or inaccurate.

45. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages of $100-$5,000 per willful violation pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A) against each Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

1692k(a)(2)(A), against each Defendant individually;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and § 1785.31 (d) , against each Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.31(a) pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

46. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 20, 2020

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
David J. McGlothlin, Esq.
Mona Amini, Esq.
*Attorneys for Plaintiff*